IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHEN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| YOUNG ILL CHOI, individually, and on Behalf of All Others Similarly Situated, both known and unknown,<br><br>Plaintiffs,<br><br>v.<br><br>KENNY LOGISTICS CO., an Illinois Corporation d/b/a Kenny International USA Inc., and JONG CHANG SONG, individually,<br><br>Defendants. | Civil Action<br><br><br><br><br>Case No.   15 CV 5140 |

## COMPLAINT

Now comes plaintiff, Young Ill Choi ("Choi" or "plaintiff"), by and through his attorney, the Dorr Law Firm, LLC, and for his complaint against Kenny Logistics Co. d/b/a Kenny International USA Inc. ("Kenny"), and Jong Chang Song ("Song"), (collectively hereinafter "defendants") states as follows:

I. **INTRODUCTION**

1. The action arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA"), as a result of the Defendants' failure to pay overtime compensation to the Plaintiff, and to other similarly situated employees of the Defendants (the "Collective Class"). The Plaintiff routinely worked in excess of 40 hours per week for the Defendants, but Defendants failed and refused to pay him time-and-one-half overtime compensation for the hours he worked in excess of 40 as the FLSA requires. Upon information and belief, the Defendants failed and refused to pay the Collective Class time-and-one-half overtime compensation for the hours they worked in excess of 40 as well. In Count I, the Plaintiffs bring claims pursuant to Section 216(b)

1

of the FLSA.

2. Additionally, the Defendants failed to pay the Plaintiffs, YOUNG ILL CHOI, at least minimum wage for certain hours he worked.

3. In Counts II and III, the Plaintiff brings supplemental claims pursuant to the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS 115/2 *et seq.* ("IWPCA"). The rights and remedies set forth in these statutes are generally similar and analogous to those that Congress set forth in the FLSA.

## II. JURISDICTION AND VENUE

4. The Court has jurisdiction over plaintiffs' FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. § 216(b). The Court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this judicial district as the facts and events giving rise to plaintiff's claims occurred in this judicial district.

## III. THE PARTIES

6. Plaintiff Young Ill Choi resides and is domiciled in this judicial district.

7. Plaintiff is a former employee of Defendants, and he performed non-exempt work for the defendants.

8. Plaintiff worked as an ocean export employee for Defendants out of the Elk Grove Village, Illinois location, operating at 1045 Tonne Road, Elk Grove Village, IL 60007.

9. Plaintiff began working for Defendants in or around August 2014, and voluntarily departed in or around December 2014.

10. Kenny is a logistics and transportation company that offers domestic and international shipping of goods with local operations at the aforementioned Elk Grove Village

location.

11. Upon information and belief, the following individual defendant, JONG CHANG SONG, is domiciled in Illinois and resides within the Northern District of Illinois.

12. Upon information and belief, at certain times relevant to this action SONG is/was an officer, director, member and/or manager of Kenny.

13. Upon information and belief, at certain times relevant to this action, SONG exercise/exercised control over significant aspects of Kenny's day-to-day operations.

14. Defendants are doing business within this judicial district and is an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and are enterprises engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

15. Defendants were plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3., the IWPCA, 820 ILCS 115/2.

16. During the respective courses of their employment by one or more of the Defendants, the Plaintiff and the Collective Class were/are not exempt from the minimum wage and maximum hour provisions of the FLSA.

17. During his respective course of his employment by one or more of the Defendants, the Plaintiff was not exempt from the minimum wage and maximum provisions of the IMWL.

18. The Defendants routinely and as a matter of practice and policy required the Plaintiffs to work more than 40 hours per week, but then failed and refused to pay them overtime compensation at the requisite statutory rates.

19. Upon information and belief, the Defendants routinely and as a matter of practice

and policy required the Collective Class to work more than 40 hours per week, but then failed and refused to pay them overtime compensation at the requisite statutory rates.

## Statutory Consent

20. The Plaintiff brings this case as a collective action under the FLSA on behalf of himself and the Collective Class, and in accord with Section 16(b) of the FLSA, the Plaintiff has given written consent to bring such an action, and his consent form is attached as Exhibit 1.

## Statutory Violations

Collective Action Under The Fair Labor Standards Act

21. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is brought by plaintiff as an opt-in representative or collective action, on behalf of plaintiff himself and other plaintiffs similarly situated who have been damaged by defendants failure to comply with 29 U.S.C. §201 *et. seq.* and §251 *et. seq.*

Illinois Minimum Wage Law

22. Count II arises from defendants' violation of the overtime compensation provisions of the Illinois Minimum Wage Law, 820 ILCS 105/4a. Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

Illinois Wage Payment and Collection Act

23. Count III arises from defendants' violation of the Illinois Wage Payment and Collection Act (820 ILCS §§115 *et seq.*). Plaintiff brings this action pursuant to said Act.

## Factual Allegations

24. Defendants operate out of their Elk Grove Village, Illinois location at 1045 Tonne Road, Elk Grove Village, IL 60007 where plaintiff worked as an ocean exporter for the defendants, as well as their various US and international locations.

25. At certain times relevant to this action, Plaintiffs were "employees" of the defendants within the meaning of Section 3(e)(1) of the FLSA.

26. At all times relevant to this action, the defendants operated, controlled and/or constituted an "enterprise" within the meaning of Section 3(r) of the FLSA.

27. During the respective courses of their employment by one or more of the Defendants, the Plaintiffs handled goods that moved in interstate.

28. During the respective courses of their employment by one or more of the Defendants, the Plaintiff and the Collective Class were/are not exempt from the minimum wage and maximum provisions of the IMWL.

29. Plaintiff YOUNG ILL CHOI was employed by one or more of the Defendants in or around August 2014, and voluntarily departed in or around December 2014.

30. Plaintiff's typical workday generally consisted of arriving at the Elk Grove Village location at approximately 9:00 a.m., label and sort shipments, prepare items for shipment by ocean or air, and finally departing the Elk Grove Village location at approximately 6:00 p.m. at the end of the day.

31. Plaintiff continued to work additional time, past 40 hours, by performing tasks directed by one or more of the Defendants.

32. In fact, Plaintiff routinely performed unpaid additional tasks at Defendants' direction, many of which occurred during lunch breaks and after working hours.

33. Plaintiff's regular pay rate was $16 per hour during his employment with defendants.

34. Plaintiff consistently worked over 44 hours per week while employed by defendants, but was not paid his full overtime wages at the required rate of one-and-one-half

times his regular rate.

35. Plaintiff, pursuant to company policy and standard practice, did not punch-in and out, and work time was not contemporaneously recorded in any other manner by Defendants.

36. Defendants failed to pay plaintiff his full overtime wages.

37. Defendants permitted plaintiff and class members to regularly work more than 40 hours per week without proper overtime compensation. Plaintiff and class members routinely worked in excess of eight hours per day.

38. Defendants failed to keep proper records of all time plaintiff and class members worked for defendants, in direct violation of Illinois and federal laws, and in fact, all paychecks issued to plaintiff listed the exact same amount of pay for each pay period without respect to the actual quantity of hours worked during that pay period.

39. Defendants knew and were aware at all times, that plaintiff and class members routinely worked more than 40 hours per week.

40. Defendants failed to pay the named plaintiff and class members for all overtime hours actually worked, at a rate one-and-one-half times the employee's regular hourly rate.

41. The conduct alleged above reduced defendants' labor and payroll costs.

42. The named plaintiff and class members were subject to defendants' practices and were victims of defendants' schemes to deprive them of overtime compensation and to reduce their wages.

43. As a result of defendants' improper and willful failure to pay plaintiff in accordance with the requirements of Illinois and federal wage and hour laws, plaintiff and class members suffered lost wages and other damages.

**CLASS ALLEGATIONS**

44. The named plaintiff bring claims for relief on his own and as a class action pursuant to 735 ILCS §§ 5/2-801-02 and/or Fed.R.Civ.P. 23. The class is defined as:

> "All former and current employees of one or more of the defendants, its subsidiaries, or affiliated companies, who worked as an ocean export employee or in other positions performing similar responsibilities, at any time during the relevant statute of limitations period, and who were not properly compensated as alleged herein."

45. This action is properly maintainable as a class action because:

   a. This class is so numerous that joinder of all members is impracticable;

   b. There are questions of law or fact that are common to the class;

   c. The claims or defenses of the representative parties are typical of the claims or defenses of the class; and,

   d. The named plaintiff will fairly and adequately protect the interests of the class.

**Numerosity**

46. On information and belief, the total number of putative class members represents at least forty (40) individuals. The exact number of class members may be determined from defendants' records.

**Commonality**

47. There are numerous and substantial questions of law and fact common to members of the stated classes, including, but not limited to, the following:

   a. Whether defendants failed to keep true and accurate time records for all hours worked by the class members;

   b. Whether defendants failed to compensate class members for all the work they required, encouraged, or permitted class members to perform;

   c. Whether defendants failed to compensate class members with overtime premium wages for all work performed in excess of 40 hours per week; and,

      d.    Whether the defendants willfully failed to comply with state wage and hour laws.

48. Plaintiff anticipates that defendants will raise defenses that are common to the class.

**Adequacy**

49. The named plaintiff will fairly and adequately protect the interest of the class. He has retained experienced counsel that are competent in complex litigation, and who have experience in class litigation, specifically wage and hour litigation.

**Typicality**

50. The claims asserted by the named plaintiff are typical of the class members he seeks to represent. The named plaintiff has the same interests and suffers from the same injuries as the class members.

51. Upon information and belief, there are no other class members who have an interest individually controlling the prosecution of his or her individual claims, especially in light of the relativity small value of each claim and the difficulties involved in bringing individual litigation against one's employer. However, if any such class member should become known, he or she can "opt out" of this action pursuant to 735 ILCS §§ 5/2-801-02.

**Common Questions of Law and Fact Predominate and a Class Action is Superior to Joinder of Claims or Individual Lawsuits**

52. The numerous common questions of law and fact set forth in the commonality discussion above predominate over individual questions because defendants' alleged underlying activities and impact of their policies and practices affected class members in the same manner—that is, they subjected class members to a policy of suffering work without pay.

53. A class action is superior to other available means to the fair and efficient

8

adjudication of this controversy because the individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually. Moreover, as the damages suffered by each class member may be relatively small, the expenses and burden of individual litigation would make it difficult for plaintiffs to bring individual claims. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incomplete standards of conduct for defendants, and/or substantially impair or impede the ability of class members to protect their interests.

### COUNT I
### Violation of the Fair Labor Standards Act - Overtime Wages
### (29 U.S.C. 201 *et seq.*)

54. Plaintiff realleges and incorporates all preceding paragraphs.

55. This count arises from defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for defendants' failure to pay overtime wages to plaintiff.

56. Plaintiff worked for defendants and was an "employee" of defendants as defined by Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

57. Defendants were plaintiff's "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

58. During the course of his employment by defendants, plaintiff was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

59. Plaintiff was directed by defendants to work, and did work, in excess of 40 hours per week.

60. Pursuant to 29 U.S.C. § 207, for all weeks during which plaintiff worked in

excess of 40 hours, he is entitled to be compensated at a rate of one-and-one-half times his regular hourly rate of pay.

61. Defendants did not compensate plaintiff at a rate of one-and-one-half times his regular hourly rate of pay for time he worked in excess of 40 hours in individual workweeks.

62. Defendants' failure to pay plaintiff overtime wages for time worked in excess of 40 hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

63. Upon information and belief, the Defendants violated the FLSA by:

    a. failing to pay some members of the Collective Class for certain hours at a rate equal to or greater than the FLSA's mandatory minimum rate; and

    b. failing to pay the Collective Class for certain overtime (in excess of 40 in a given workweek) hours at a rate equal to or greater than one and one-half times the regular rate at which they were/are employed.

64. The Defendants' violation of the FLSA was willful in that the Defendants were aware or should have been aware of their obligations under the FLSA, but nevertheless attempted to circumvent its provisions.

65. The Defendants failed to take affirmative steps to ascertain their obligations under the FLSA.

## COUNT II
### Violation of the Illinois Minimum Wage Law - Overtime Wages
### (820 ILCS §§105 *et seq.*)

66. Plaintiff realleges and incorporates all preceding paragraphs.

67. The Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

68. The matters set forth in this count arise from defendants' violation of the overtime

compensation provisions of the Illinois Minimum Wage Law, 820 ILCS 105/4a. Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

69. At all relevant times herein, defendants were plaintiff's "employer" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and plaintiff was defendants' "employee" within the meaning of that Act.

70. During the course of his employment by defendants, plaintiff was not exempt from the overtime wage provisions of the Illinois Minimum Wage Law, 820 ILCS 105/4a.

71. Pursuant to 820 ILCS 105/4a, for all weeks during which plaintiff worked in excess of 40 hours, plaintiff was entitled to be compensated at one-and-one-half times his regular hourly rate of pay for time worked in excess of 40 hours per week.

72. Defendant failed to pay plaintiff one-and-one-half times his regular hourly rate of pay for time worked in excess of 40 hours per week.

73. Defendant violated the Illinois Minimum Wage Law by refusing to compensate plaintiff at one-and-one-half times their regular hourly rate of pay for all time worked in excess of 40 hours per week.

74. Pursuant to 820 ILCS 105/12(a), plaintiff is entitled to recover punitive damages in the amount of two percent (2%) per month of the amount of under payments.

### COUNT III
### Violation of the Illinios Wage Payment and Collection Act
### (820 ILCS §§115 *et seq*.)

75. Plaintiff incorporates by reference all preceding paragraphs.

76. Section 2 of the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS §115/2, defines wages as "any compensation owed an employee by an employer pursuant to an employment contract or agreement between the 2 parties …."

77. Section 4 of the IWPCA, 820 ILCS §115/4, provides that every employer shall pay "[a]ll wages earned by any employee during a weekly pay period shall be paid not later than 7 days after the end of the weekly pay period in which the wages were earned."

78. Section 5 of the IWPCA, 820 ILCS § 115/4, provides that, "[e]very employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee."

79. Defendants violated the IWPCA by regularly and repeatedly failing to properly compensate plaintiff for the actual time he worked each week.

80. Defendants also willfully failed to pay overtime pay and other benefits to plaintiff, and he has suffered and will continue to suffer lost wages and other damages.

81. As a direct and proximate result of defendants' unlawful conduct, plaintiff has suffered and will continue to suffer lost wages and other damages.

82. The plaintiff is also entitled to injunctive relief to prevent defendants from continuing their violation of these statutory provisions and other appropriate injunctive relief.

**PRAYER FOR RELIEF**

WHEREFORE, the plaintiff, Young Ill Choi, individually and on behalf of all others similarly situated, by and through his attorneys, demands judgment against the defendants and in favor of the plaintiff and all class members, for a sum that will properly, adequately, and completely compensate plaintiff and the putative class for the nature, extent, and duration of their damages, the costs of this action, and also as follows:

  A. Certify a class for Count I of all former and current employees of one or more of the defendants, its subsidiaries, or affiliated companies, who worked as ocean exporters or in other positions performing similar responsibilities, at any time during the relevant statute of limitations period, and who were not properly compensated as alleged herein;

B.       Appoint the Dorr Law Firm, LLC as class counsel for the plaintiffs;

C.       Declare and find that the defendants committed one or more of the following acts:

      i.    Violated and willfully violated overtime provisions of the Fair Labor Standards Act with regards to claims brought by the named plaintiff, and,
     ii.    Violated overtime provisions of the Illinois Minimum Wage Law, 820 ILCS §105 *et seq.,* by failing to pay overtime wages to plaintiff; and,
    iii.    Violated overtime provisions of the Illinois Wage Payment and Collection Act, 820 ILCS §115 *et seq.*

D.       Award compensatory damages, including all regular and overtime pay owed and in an amount according to proof;

E.       Award 2% per month interest on all overtime compensation due accruing from the date such amounts were due until it is paid;

F.       Award liquidated damages on all overtime compensation due to individual plaintiff in Count I brought under the FLSA;

G.       Award all costs and reasonable attorneys' fees incurred prosecuting this claim pursuant to the Illinois Minimum Wage Act and the FLSA,

H.       Grant leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and,

I.       For such further relief as the Court deems just and equitable.

                                         Respectfully submitted,

                                         Young Ill Choi

                             By:   s/Timothy J. Dorr
                                        *Attorney for Plaintiff*

Timothy J. Dorr
Dorr Law Firm, LLC
1051 Perimeter Drive, Suite 400
Schaumburg, IL 60173
(847) 807-5340