IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| YOUNG ILL CHOI, individually, and on Behalf of All Others Similarly situated, both known and unknown, ) ) ) ) | |
| Plaintiff, ) ) | Case No. 15 C 5140 |
| v. ) ) | Judge Virginia M. Kendall |
| KENNY LOGISTICS CO., an Illinois Corporation d//b/a Kenny International USA Inc., and JONG CHANG SONG, individually, ) ) ) ) | |
| Defendants. ) | |

**JOINT MOTION FOR APPROVAL OF**
**SETTLEMENT AGREEMENT AND RELEASE**

Plaintiff, Young Ill Choi ("Plaintiff") and Defendants, Kenny Logistics Co. ("Defendant Kenny") and Jong Chang Song ("Defendants"), through their respective counsel, seek approval of their settlement in this lawsuit (Plaintiff and Defendants will be referred to as the "Parties"). This lawsuit was brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.* ("IMWL") and Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 *et seq.* ("IWPCA"). The Parties respectfully submit that the terms of the settlement are fair, reasonable, and resolve a *bona fide* dispute between them. In support of their Motion, the Parties state as follows:

1. On June 11, 2015, Plaintiff filed this lawsuit against Defendants alleging that Defendants violated the FLSA, IMWL and IWPCA. (Dkt. No. 1). Specifically, Plaintiff alleged that he and other similarly situated individuals were not paid overtime wages, were not compensated for all hours worked, and was paid below the minimum wage. Defendants deny that they violated the FLSA, IMWL and IWPCA.

2. On August 20, 2015, Defendants filed their Answer and a Motion to Dismiss Plaintiff's claims under the IWPCA and the IMWL. (Dkt. Nos. 15, 17)

3. Plaintiff and Defendants have engaged in extensive arm's-length settlement negotiations privately through counsel. The settlement negotiations have resulted in a settlement between Plaintiff and all Defendants. The terms of settlement are contained in the Settlement Agreement and Release, which Defendant Kenny has served upon the Court contemporaneously with this Motion for an *in camera* review.

4. Court approval of wage settlements under the FLSA is necessary to effectuate a valid and enforceable release of FLSA claims asserted. *See Cheeks v. Freeport Pancake House, Inc.*, No. 14-299-cv, 2015 WL 4664283, *6 (2d Cir. Aug. 7, 2015)[1]; *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986). Under the FLSA, employees may settle their claims if the parties agree on the terms, and the court approves the settlement as "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1355 (11th Cir. 1982). Based upon the foregoing, Defendants request that this Court review the Settlement Agreement and Release and approve the same.

5. The settlement was the product of arm's-length negotiations by Plaintiff and Defendants. It provides relief to Plaintiff, and eliminates the inherent risks the Parties would bear if this litigation were to continue. Given these circumstances, a presumption of fairness should attach to the proposed settlement. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1354 (recognizing that courts rely on the adversary nature of a litigated FLSA case resulting in settlement as an indication of fairness).

---

[1] A copy of this decision as Exhibit A.

6.	Should Plaintiff's claims have proceeded, regardless of whether the case would have proceeded as a collective action under Section 216(b) of the FLSA and/or Federal Rule of Civil Procedure 23, Plaintiff and Defendants would have completed discovery, briefed their motions for class certification and/or to approve notice, possible dispositive motions and set the matter for trial. If Plaintiff prevailed on their claims, Defendants would be faced with the prospect of a verdict against them and the obligation to pay Plaintiff's attorneys' fees and costs. If Defendants prevailed, Plaintiff faced dismissal of their claims and no recovery.

7.	Lastly, Defendants do not oppose the requested attorney's fees and costs by Plaintiff.

8.	For all of these reasons, this Court should conclude that the proposed settlement reflects a fair and reasonable resolution of a *bona fide* dispute and approve the settlement.

9.	The Parties have submitted an Agreed Proposed Order for the Court's consideration to Proposed_Order_Kendall@ilnd.uscourt.gov.

WHEREFORE, the Parties respectfully request that this Court approve their negotiated Settlement Agreement and Release, and dismiss all of Plaintiff's claims in this lawsuit with prejudice, with each party to bear its own fees and costs in accordance with the Settlement Agreement and Release.

Dated: October 6, 2015                                              Respectfully submitted,

KENNY LOGISTICS CO. & JONG CHANG     YOUNG ILL CHOI
SONG

/s/ William G. Wake                                                 /s/ Timothy J. Dorr
One of its Attorneys                                                One of its Attorneys

Antonio Caldarone                                                   Timothy J. Dorr
William G. Wake                                                     timothy@dorrlawfirm.com
acaldarone@lanermuchin.com                                          Dorr Law Firm
wwake@lanermuchin.com                                               2300 Barrington Road, Suite 140

Laner Muchin, Ltd.  
515 North State Street, Suite 2800  
Chicago, Illinois 60654  
(312) 467-9800  
(312) 467-9479 (fax)

Hoffman Estates, Illinois 60169  
(847) 807-5340

## CERTIFICATE OF SERVICE

William Wake, an attorney, hereby certifies that on October 6, 2015, he caused the foregoing **Joint Motion for Approval of Settlement Agreement and Release** to be filed electronically with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, by operation of the Court's CM/ECF system and served on all counsel of record as follows:

>Timothy J. Dorr
>Dorr Law Firm
>2300 Barrington Road, Suite 140
>Hoffman Estates, Illinois 60169
>timothy@dorrlawfirm.com

>/s/William Wake
>William Wake